IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE JAMES TERRELL,

      Petitioner,

v.

CALHOUN STATE PRISON, *et al.*,

      Respondents.

No. 5:18-cv-00332-MTT-CHW

## ORDER

Petitioner Willie James Terrell, an inmate in the Calhoun State Prison in Morgan, Georgia, filed a pleading on the form for a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. for Writ of Habeas Corpus 1, ECF No. 1. In the petition, Petitioner asserted that he had been transferred from Washington State Prison to Calhoun State Prison in retaliation for filing grievances. *Id.* at 5-15. As relief, Petitioner sought, among other things, injunctive relief requiring that he be returned to Washington State Prison. *Id.* at 16. Petitioner did not discuss loss of good-time credits, challenge his conviction, or seek immediate or earlier release from incarceration. *See generally id.*

On initial review of the petition, the United States Magistrate Judge noted that Petitioner had couched his arguments in terms of "illegal custody," potentially implicating the habeas corpus statutes. Order to Recast 1, ECF No. 8. Nevertheless, the Magistrate Judge recognized that Petitioner's arguments generally did not relate to the validity of his conviction or confinement, instead raising claims of retaliatory transfer. *Id.* at 1-2. As such, these claims appeared to be 42 U.S.C. § 1983 civil rights claims instead of habeas claims. *See id.* Under these circumstances, the Magistrate Judge found that it was

unclear whether Petitioner had actually intended to file a habeas corpus petition or a civil rights complaint under 42 U.S.C. § 1983. *See id.*

Thus, the Magistrate Judge ordered Petitioner to clarify his claims by recasting them on either a new 28 U.S.C. § 2254 habeas corpus petition or a 42 U.S.C. § 1983 complaint form. Order to Recast Compl., ECF No. 8. To that end, the Magistrate Judge informed Petitioner that, if he wanted to challenge the legality of his confinement and seek release from that confinement, he must complete and return the habeas petition. *Id.* (citing *Preiser*, 411 U.S. at 484). If Petitioner was seeking other relief, such as damages or an injunction, for alleged civil rights violations, he was to complete and return the § 1983 complaint form. *Id.* (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes")).

Following this order, Petitioner filed a recast petition for a writ of habeas corpus.[1] Recast Pet. for Writ of Habeas Corpus, ECF No. 12. Thereafter, Petitioner filed a motion for an extension of time to file his recast complaint and a motion to consolidate this case with Case No. 1:18-cv-129. Mot. for Ext., Dec. 20, 2018, ECF No. 14. Petitioner has also filed a motion for the return of property that he asserts has been seized from him, Mot. for Return of Property, ECF No. 16, as well as another motion for an extension of time. Emergency Mot. for Ext. of Time, ECF No. 18.

---

[1] Because Petitioner has declared that he intends to proceed under the habeas corpus statutes, and because he has already paid the $5.00 filing fee for a habeas petition, his motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED AS MOOT.**

In the recast petition, Petitioner now asserts that he was transferred without due process based on being charged with a disciplinary infraction, even though he was ultimately found not guilty on the charge. Recast Pet. 5-15, ECF No. 12. Additionally, Petitioner has added in brief references to the loss of good-time credits, although he includes no specific information about any purported loss. *See id.* at 5, 7.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires this Court to promptly examine every application filed and thereafter enter a summary dismissal if it "plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C. § 2254 Rule 4; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its fact."). With regard to this petition, when a state prisoner challenges the legality of his custody—either the fact of confinement or the duration of confinement—and the relief he seeks is a determination that he is entitled to earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Conversely, where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Here, although Petitioner couches his arguments in terms of "illegal custody" and briefly mentions a loss of good-time credits, the petition makes clear that what Petitioner is challenging is not the fact or duration of his incarceration, but instead, is a condition of his confinement, specifically, being held in Calhoun State Prison rather than in Washington

3

State Prison. This challenge to a condition of his confinement may only be brought in a § 1983 civil rights action, not a habeas corpus petition. *See id.* (explaining that § 1983 claims and habeas corpus claims are mutually exclusive, such that "if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action," and vice versa). Thus, it is plain from the face of the recast petition that Petitioner is not entitled to the relief he is seeking through this proceeding.

Accordingly, this petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**, and Petitioner's pending motions for an extension of time (ECF Nos. 14 and 18) are **DENIED AS MOOT**. Additionally, Petitioner's motion for the return of his property (ECF No. 16) is also **DENIED**, as that relief is not properly sought within the context of this action.

**SO ORDERED**, this 27th day of February, 2019.

                                                        S/Marc T. Treadwell_____
                                                        MARC T. TREADWELL, JUDGE
                                                        UNITED STATES DISTRICT COURT